May Term, 1840.

NEWKIRK
v.
JOHNSON.

---

NEWKIRK and Another *v.* JOHNSON and Another, Executors.

Debt against the executors of *Cooper* on a promissory note payable to the plaintiffs, executed by the testator and *Farmer* by the name of *Cooper* & *Farmer*. The declaration averred that the makers were dead, *Farmer* having died first; and that the makers had not, nor had either of them, paid the note, nor had the defendants or either of them paid it. *Held,* that the declaration was not objectionable for not alleging the non-payment by the representatives of *Farmer.*

*Tuesday, July 28.*

APPEAL from the *Montgomery* Circuit Court.

BLACKFORD, J.—Debt on a promissory note payable to the plaintiffs. The declaration states that the note was executed by *Cooper* (the defendants' testator) and one *Farmer*, by the name and style of *Cooper* & *Farmer;* that *Farmer* died and *Cooper* survived him; that *Cooper* afterwards died, leaving the defendants his executors. Breach, that *Cooper* and *Farmer* had not, nor had either of them, paid the note; nor had the defendants or either of them paid, &c. General demurrer to the declaration, and judgment for the defendants.

The appellees contend that the non-payment by the representatives of *Farmer* should have been averred. This

objection is founded on the statute, which makes the representatives of a deceased joint obligor as liable as if the obligation had been joint and several. Rev. Stat. 1838, p. 358. A sufficient answer to this objection is—that it does not appear by the declaration that there are any legal representatives of *Farmer;* nor is it to be presumed that there are any such representatives. If there are any, and they have paid the note, the defendants can show those facts by their plea.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. Jenners,* for the appellants.

*H. S. Lane* and *S. C. Willson,* for the appellees.